[Cite as *State v. Bishop*, 2019-Ohio-592.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NOS. CA2018-05-031 |
| Appellee, | : | CA2018-05-036 |
| | : | O P I N I O N |
| - vs - | | 2/19/2019 |
| | : | |
| MAURICE BISHOP, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. CR2016-12-1807

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Maurice Bishop, appeals the sentence imposed by the Clermont County Court of Common Pleas following the revocation of his community control. For the reasons detailed below, we reverse the trial court's decision and remand this matter for further proceedings.

{¶ 2} On August 11, 2016, in Case No. 2016 CR 211, Bishop pled guilty to two fifth-

degree felonies for receiving stolen property and theft.  Subsequently, on October 18, 2016, in Case No. 2016 CR 426, Bishop pled guilty to an additional fifth-degree felony count of theft.

{¶ 3}  On January 5, 2017, the trial court sentenced Bishop to four years of community control in Case No. 2016 CR 211 and four years community control in Case No. 2016 CR 426.  As relevant here, Bishop was subject to the following community control conditions:

> The defendant shall abide by all Federal, State, and Local laws, and shall personally contact Adult Probation on the next business day if the defendant is arrested, cited, or questioned by any law enforcement officer.
>
> * * *
>
> The defendant shall report to Adult Probation as instructed by any of the Adult Probation personnel and while on Community Control shall conduct himself/herself appropriately at all times and answer truthfully all questions by the Adult Probation personnel.
>
> * * *
>
> The defendant shall follow his/her Adult Probation Officer's verbal or written instructions, and cooperate with the Adult Probation Officer(s) at all times.

{¶ 4}  On December 1, 2017, the probation department filed an affidavit for community control violations.  After certain admissions by Bishop, the trial court continued his community control sanctions, but placed him on intensive supervision.  On March 29, 2018, the probation department filed a second affidavit for community control violations.  The affidavit stated that Bishop was charged with three first-degree misdemeanors for aggravated menacing, making false alarms, and menacing.   Bishop stipulated to and admitted that probable cause existed for making a false alarm, failing to report, and failing to follow verbal instructions.  The trial court entered a finding of community control violations and continued

- 2 -

sentencing.

{¶ 5} On April 24, 2018, the trial court revoked community control and sentenced Bishop to 11 months in prison on each count in Case No. 2016 CR 211 and ordered those terms to be served concurrently. The trial court also sentenced Bishop to 11 months in prison in Case No. 2016 CR 426 to be served consecutive to Case No. 2016 CR 211. As a result, Bishop received a 22-month prison sentence. Bishop now appeals, raising a single assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED IN FINDING THAT R.C. 2929.15(B)(1)(c)(i) ONLY APPLIES TO DEFENDANTS WHO ARE ON COMMUNITY CONTROL FOR ONE FELONY OF THE FIFTH DEGREE.

{¶ 7} In his sole assignment of error, Bishop argues the trial court erred by finding R.C. 2929.15(B)(1)(c)(i) does not apply to defendants who are on community control for multiple fifth-degree felonies. We find Bishop's argument is well-taken.

{¶ 8} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 9} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-

- 3 -

Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 10} As this case involves the applicability of a statute, we note that statutory interpretation is a question of law that we review de novo. *State v. Richardson*, 12th Dist. Clermont No. CA2012-06-043, 2013-Ohio-1953, ¶ 12. In a de novo review, this court independently reviews the record without giving deference to the trial court's decision. *State v. Kormos*, 12th Dist. Clermont No. CA2011-08-059, 2012-Ohio-3128, ¶ 13. The primary goal of statutory interpretation is to ascertain and give effect to the legislature's intent in enacting the statute. *State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, ¶ 20.

{¶ 11} R.C. 2929.15(B)(1)(c) provides that if a defendant violates the conditions of a community control sanction, the trial court may impose a prison term pursuant to R.C. 2929.14 and 2929.15(B)(3). R.C. 2929.15(B)(1)(c) is subject to the following limitation:

> If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed *for a felony of the fifth degree* or for any violation of law committed while under a community control sanction imposed for such *a felony* that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

(Emphasis added.)

{¶ 12} Therefore, based on the plain language found in R.C. 2929.15(B)(1)(c)(i), a prison term for the violation of a community control sanction imposed for a fifth-degree felony may not exceed 90 days if the violation was "for any technical violation" or any "violation of law * * * that consists of a new criminal offense and that is not a felony * * *."

{¶ 13} The trial court found that Bishop was not entitled to the 90-day limitation in R.C. 2929.15(B)(1)(c)(i) because he was on a community control sanction imposed for *multiple*

*felonies* of the fifth degree. In so doing, the trial court stated:

> The court is going to find that under 2929.15(B)(1)(c)(i) that the new law requires on community control violation no more than 90 days for a felony of the fifth degree.
>
> The law reads if the prison term is imposed for any technical violation, which this could be, of the conditions of community control sanction, impose for a felony of the fifth degree, or for any such violation of law committed while under community control sanction, for such a felony, they consist of a new felony offense, and it is not a felony, the prison term shall not exceed 90 days. I read that statute in the singular. That's my interpretation. We have three felonies here. Not one felony.
>
> So the Court will find that 2929.15(B)(1)(c)(i) as it relates to FI [sic] offenders does not apply, is inapplicable until some court of appeals finds otherwise, or the legislature has the word felonies.

The trial court therefore found that R.C. 2929.15(B)(1)(c)(i) was inapplicable and imposed the relevant 22-month prison sentence.

**{¶ 14}** Following review, we find trial court erred by finding that R.C. 2929.15(B)(1)(c)(i) was inapplicable based on the singular form of the term used in the statute. The Ohio Supreme Court has cautioned against "making fine distinctions about the meaning of a statute based upon its use of the singular form of a word." *State v. D.B.*, 150 Ohio St. 3d 452, 2017-Ohio-6952, ¶ 16. "Indeed, the General Assembly has specifically instructed us to read statutes so that '[t]he singular includes the plural, and the plural includes the singular.'" *Id.*, quoting R.C. 1.43(A). Thus, with the Ohio Supreme Court's guidance in mind, we find 2929.15(B)(1)(c)(i) applies to a defendant on a community control sanction for one or more felonies of the fifth degree. This decision is consistent with the legislative history and purpose of the amendments, which were enacted to "reduce the amount of low-level felony offenders in the state's prison population, to save the state money, and to provide drug addiction treatment to offenders by keeping them in their local communities." *State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151, ¶ 30.

- 5 -

{¶ 15} In light of the foregoing, the trial court's sentence was contrary to law. This is because, as noted above, the 90-day maximum prison sentence allowed under R.C. 2929.15(B)(1)(c)(i) applies to a defendant serving a community control sanction for one or more felonies of the fifth degree. Therefore, Bishop's sole assignment of error is sustained, and this matter is reversed and remanded for resentencing.

{¶ 16} Judgment reversed and remanded.

S. POWELL, P.J., and HENDRICKSON, J., concur.