[Cite as *State v. Ford*, 2019-Ohio-1196.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-07-052 |
| | : | O P I N I O N |
| - vs - | | 4/1/2019 |
| | : | |
| DOUGLAS E. FORD, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2015CR000426


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio, 45103, for appellant


**PIPER, J.**

{¶ 1} Appellant, Douglas E. Ford, appeals the prison sentence imposed by the Clermont County Court of Common Pleas as a penalty for a community control violation.

{¶ 2} In August 2015, appellant was indicted for two drug possession offenses. These charges resulted from a traffic stop by the Ohio State Highway Patrol for the suspected operation of a vehicle while under the influence of drugs or alcohol. As part of that

investigation, the trooper found appellant in possession of two schedule one drugs: cathinone (commonly referred to as "bath salts") and methylenedioxyamphetamine ("MDA"). Appellant pled guilty to the possession of cathinone, a fifth-degree felony pursuant to R.C. 2925.11, in exchange for dismissal of the second drug offense. The trial court sentenced appellant in May 2016 to four years of community control and advised appellant that he could serve twelve-months in prison for a violation of the terms and conditions of community control.

{¶ 3} A little under a year later, in April 2017, appellant's probation officer filed an affidavit of violation alleging that appellant had violated the terms and conditions of community control by committing multiple traffic and criminal offenses, failing to report these offenses, testing positive for "THC" on a drug screen, failing to report to probation office visits, failing to comply with probation orders, and failing to pay monies owed to the court. The trial court held a hearing for these violations later that same month and appellant admitted to the violations. The trial court accepted the violation admission and continued the matter for sentencing in June 2017.

{¶ 4} Prior to the sentencing hearing, appellant's probation officer filed a supplemental affidavit of violations in early June 2017 further alleging that appellant tested positive for marijuana, alcohol, cocaine, and fentanyl in three separate drug screenings and participated in an illegal drug sale. The trial court held a hearing in mid-June, wherein appellant also admitted to the additional violations from the supplemental affidavit. The trial court continued the matter to July 2017 for sentencing on all the admitted violations. At that sentencing hearing, the trial court allowed appellant to remain on community control but modified his probation to intensive supervision.

{¶ 5} In June 2018, appellant's probation officer filed another affidavit of violation alleging appellant tested positive for cocaine on two separate drug screens, failed to follow probation instructions, and failed to pay monies owed to the court. Appellant was

- 2 -

subsequently arrested for this violation. The trial court held a violation hearing the following day wherein appellant admitted to the violation. At this hearing, the trial court "revoked" appellant's community control and sentenced him to ten months in prison. Appellant objected to the prison sentence, raising the prison limitation provision provided in R.C. 2929.15(B)(1)(c)(i). The trial court overruled the objection, finding that the statutory provision did not apply.

{¶ 6} Appellant now appeals the sentence, raising one assignment of error for our review:

{¶ 7} THE TRIAL COURT ERRED IN FINDING THAT R.C. 2929.15(B)(1)(c)(i) DID NOT APPLY TO APPELLANT.

{¶ 8} Appellant contends the trial court erred when it imposed a ten-month prison term, because testing positive for cocaine during a drug screen should not be considered a "criminal offense" pursuant to R.C. 2929.15(B)(1)(c)(i). Specifically, appellant argues the statute requires at least formal charges to constitute a "criminal offense." We find that appellant's argument lacks merit.

{¶ 9} We review a felony community control violation penalty, as we review all felony sentences, pursuant to R.C. 2953.08(G)(2). *See State v. Walsson*, 12th Dist. Clermont No. CA2018-02-004, 2018-Ohio-4485, ¶ 8-9. Under R.C. 2953.08(G)(2), an appellate court may modify or vacate a felony sentence only if the sentence is clearly and convincingly contrary to law or unsupported by the record. *State v. McGowan*, 147 Ohio St. 3d 166, 2016-Ohio-2971, ¶ 1, *citing State v. Marcum*, 146 Ohio St. 3d 516, 2016-Ohio-1002, ¶ 7. A sentence is not contrary to law where the sentence is within the permitted statutory range. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 10} The Ohio Revised Code provides the trial court with several options for punishing a community control violation. Relevant to this review, the trial court may impose a

term of prison as a possible penalty, if that prison term is within the statutorily permitted range for the original criminal offense and the offender was provided notice of the prison term at the sentencing hearing for the original offense or an antecedent community control violation. R.C. 2929.15(B)(1)(c) and 2929.15(B)(3); *State v. Brooks*, 103 Ohio St. 3d 134, 2004-Ohio-4746, ¶ 29; *State v. Fraley*, 105 Ohio St. 3d 13, 2004-Ohio-7110, ¶ 18.

{¶ 11} Nevertheless, there are limitations placed on the potential prison term for an offender convicted of a fifth-degree felony. In that instance, the prison term may not exceed 90 days when the violation constitutes either a "technical violation" or a non-felony violation of law. R.C. 2929.15(B)(1)(c)(i).

{¶ 12} Contrary to appellant's argument, we have previously held that R.C. 2929.15(B)(1)(c)(i) does not apply where the offender "*engages in conduct* constituting a new felony offense" (emphasis added). *Walsson* at ¶ 12. Testing positive for a controlled substance on a drug screen amounts to a felonious violation of law when that substance is proscribed by statute as a felony offense. *State v. Shaffer*, 12th Dist. Clermont No. CA2017-12-064, 2018-Ohio-5297, ¶ 16-17; *see also State v. Showalter*, 12th Dist. Clermont No. CA2018-04-023, 2018-Ohio-5299, ¶ 13.

{¶ 13} Other Ohio appellate courts have likewise held that for R.C. 2929.15(B)(1)(c)(i) purposes, it is the activity itself that is considered and not whether a formal charge has been issued. *State v. Abner*, 4th Dist. Adams Nos. 18CA1061 and 18CA1062, 2018-Ohio-4506, ¶ 15 (heroin use constituted a crime regardless of a formal charge or conviction); *State v. Johnson*, 5th Dist. Licking No. 18-CA-37, 2019-Ohio-376, ¶ 13-15 (methamphetamine use is a felony offense irrespective of formal charges); and *State v. Cozzone*, 11th Dist. Geauga No. 2017-G-0141, 2018-Ohio-2249, ¶ 39 (overdosing on heroin is criminal in nature without being charged or convicted of aforesaid conduct).

{¶ 14} In this case, appellant was cited and arrested for testing positive for cocaine on

two separate drug screenings. Appellant admitted to the violations at the June 2018 violation hearing. At this hearing, the trial court decided appellant was not amenable to further community control sanctions, in part, because he refused more restrictive community control sanctions and because the use of cocaine constituted a felony criminal offense. Specifically, the use of cocaine is in violation of R.C. 2925.11(A) and constitutes a fifth-degree felony pursuant to R.C. 2925.11(C)(4)(a). Given our previous decisions, we conclude the trial court did not err when it found the 90-day prison limitation inapplicable. Furthermore, the ten-month prison term was within the statutorily permitted range for appellant's original offense and was less than the prison term advised by the trial court at the original sentencing hearing.

{¶ 15} Therefore, the prison sentence imposed by the trial court was not contrary to law and was supported by the record. Accordingly, appellant's sole assignment of error is overruled.

{¶ 16} Judgment affirmed.

HENDRICKSON, P.J., and RINGLAND J., concur.