[Cite as *State v. Eckert*, 2019-Ohio-1289.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2018-06-038 |
| Appellee, | : | O P I N I O N<br>4/8/2019 |
| | : | |
| - vs - | : | |
| | : | |
| PAUL D. ECKERT III, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2017CR0289


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**M. POWELL, J.**

{¶ 1}   Appellant, Paul D. Eckert III, appeals the sentence imposed by the Clermont County Court of Common Pleas following the revocation of his community control.  For the reasons detailed below, we affirm.

{¶ 2}   On May 11, 2017, the Clermont County Grand Jury returned a nine-count indictment charging Eckert with nine fifth-degree felonies.  Eckert pled guilty to five counts

of the indictment and the remaining charges were dismissed. In September 2017, the trial court sentenced Eckert to four years of community control on each of the five offenses of which he was convicted. The sentencing entries provided general conditions of supervision and several court-ordered special conditions of Eckert's community control. In January 2018, the probation department filed an affidavit alleging Eckert violated the conditions of his community control. The probation department filed two similar affidavits in March 2018 and April 2018. In all, the affidavits indicated Eckert had violated five conditions of his community control, including failing to refrain from the consumption and possession of illicit drugs. One of the affidavits alleged Eckert tested positive for methamphetamine on March 22, 2018.

{¶ 3} The trial court found Eckert violated the five conditions of his community control alleged in the affidavits. On May 7, 2018, the court held a sentencing hearing, revoked Eckert's previously imposed community control sanction, and sentenced him to an aggregate prison term of 36 months.

{¶ 4} Eckert now appeals, raising the following assignment of error:

{¶ 5} THE TRIAL COURT ERRED IN FINDING THAT R.C. 2929.15(B)(1)(c)(i) DID NOT APPLY TO APPELLANT BECAUSE HE HAD ORIGINALLY BEEN CONVICTED OF MULTIPLE FELONIES OF THE FIFTH DEGREE.

{¶ 6} Eckert argues the trial court erred in finding the 90-day statutory limitation inapplicable. Specifically, he contends the trial court misinterpreted the statutory language of R.C. 2929.15 when it found the limitation does not apply to a defendant serving community control sanctions for multiple felonies of the fifth degree.

{¶ 7} R.C. 2953.08(G)(2) sets forth the standard of review for all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *accord State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. As explained in *Marcum*, "[t]he

appellate court's standard for review is not whether the sentencing court abused its discretion." *Marcum* at ¶ 9. Rather, pursuant to R.C. 2953.08(G)(2), an appellate court may only "increase, reduce, or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing" if the court finds by clear and convincing evidence "(a) [t]hat the record does not support the sentencing court's findings[,]" or "(b) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(2)(a)-(b). A sentence is not "clearly and convincingly contrary to law where the trial court considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8, citing *State v. Moore*, 12th Dist. Clermont No. CA2014-02-016, 2014-Ohio-5191, ¶ 6.

{¶ 8} R.C. 2929.15(B)(1)(c) provides that if a defendant violates the conditions of a community control sanction, the sentencing court may impose a prison term pursuant to R.C. 2929.14 and 2929.15(B)(3). However, the imposition of a prison term is subject to the following limitation:

> If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

R.C. 2929.15(B)(1)(c)(i).

{¶ 9} In this matter, the trial court made two findings with respect to the inapplicability of R.C. 2929.15(B)(1)(c)(i). Specifically, the trial court found "that [R.C.] 2929.15(B)(1)(c)(i) does not apply because [Eckert] was originally convicted of multiple felonies and [he] committed a new felony by testing positive for Methamphetamine on March

22, 2018." Eckert's appeal is limited to the trial court's finding that the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) does not apply to offender's serving community control for multiple fifth-degree felonies.

{¶ 10} Recently, this court held that R.C. 2929.15(B)(1)(c)(i) applies to a defendant serving community control for multiple felonies of the fifth degree. *State v. Bishop,* 12th Dist. Clermont Nos. CA2018-05-031 and CA2018-05-036, 2019-Ohio-592, ¶ 14-15. Therefore, the trial court erred in finding the statute did not apply because Eckert was convicted of multiple fifth-degree felonies. However, the error is not prejudicial since Eckert is not entitled to claim the benefit of the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) because he engaged in conduct constituting a new felony while on community control. *See* App.R. 12(B).

{¶ 11} As stated above, the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) applies when the community control violation is a "technical violation" or a non-felony violation of law. We have consistently interpreted the statute as exempting from its benefit offenders on fifth-degree felony community control who engage in conduct constituting a new felony offense. *State v. Shaffer*, 12th Dist. Clermont No. CA2017-12-064, 2018-Ohio-5297, ¶ 15. *See also, State v. Walsson*, 12th Dist. Clermont No. CA2018-02-004, 2018-Ohio-4485, ¶ 13.

{¶ 12} Eckert tested positive for methamphetamine while serving community control upon five fifth-degree felonies. The use of methamphetamine is a felony pursuant to R.C. 2925.11(C)(1). Thus, Eckert committed a violation of the law, a new felony, while under fifth-degree felony community control. Therefore, the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) is explicitly inapplicable to Eckert and the trial court did not err in imposing the 36-month prison term.

{¶ 13} In light of the above, we find the trial court did not err in finding R.C.

2929.14(B)(1)(c)(i) does not apply to Eckert. While the trial court was incorrect in finding the statute was inapplicable to Eckert because he was on community control for multiple fifth-degree felony offenses, it correctly determined that Eckert is not entitled to the 90-day prison term limitation because he engaged in conduct constituting a new felony offense.

{¶ 14} Accordingly, Eckert's sentence is not clearly and convincingly contrary to law and his sole assignment of error is overruled.

{¶ 15} Judgment affirmed.

RINGLAND, P.J., and S. POWELL, J., concur.