[Cite as *State v. Masters*, 2019-Ohio-1702.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-10-127 |
| | : | O P I N I O N |
| - vs - | | 5/6/2019 |
| | : | |
| ZACKEREY A. MASTERS | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 18CR34117


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Kim Bui, 8080 Beckett Center Drive, Suite 112, West Chester, Ohio 45069, for appellant


**RINGLAND, J.**

{¶ 1} Appellant, Zackery Masters, appeals the sentence imposed by the Warren County Court of Common Pleas for a community control violation. For the reasons detailed below, we affirm.

{¶ 2} On April 30, 2018, appellant was indicted on two counts of aggravated possession of drugs, both fifth-degree felonies, and possession of drug abuse instruments, a first-degree misdemeanor. Appellant pled guilty to one count of aggravated possession of

drugs and the remaining counts were dismissed. On July 9, 2018, the trial court sentenced appellant to three years of community control sanctions.

{¶ 3} As conditions of his community control, the trial court ordered appellant to complete treatment at a community-based correctional facility ("CBCF"), specifically the program at the Community Correction Center ("CCC"), serve 90 days of electronic monitored house arrest ("EMHA"), and then be assessed for Vivitrol. Though appellant requested that he be placed in a halfway house at the Turtle Creek Center ("TCC"), the trial court explained that one of the requirements for placement at TCC was his completion of the CCC program.

{¶ 4} On September 27, 2018, appellant violated the requirement that he complete the CCC program when he was unsuccessfully discharged. Appellant waived counsel and entered a guilty plea to the violation. During the hearing, appellant explained the reason for not completing the program. Appellant stated, "really the program is kind of bogus, really. I mean, there's no type of structure there and I just felt like I wasn't getting nothing out of it." Appellant continued that "I did this to try to get to to [sic] TCC. That's what I need * * * I'm clean now. That's all it took was me to get clean. I can stay clean. It's just the job, trying to get a job. I give up too easy. Then I want to start selling drugs and it just ain't working out for me. * * * [T]hat's the whole reason why I went to CCC was to get to TCC afterwards."

{¶ 5} The trial court explained that it was not going to place appellant in TCC until he successfully completed the CCC program, which appellant was unwilling to do. Appellant confirmed that he was not going to complete the CCC program. As a result, the trial court found appellant guilty and imposed a more restrictive sanction of 171 days in the county jail. Appellant now appeals, raising a single assignment of error for review:

{¶ 6} THE TRIAL COURT ERRED BY SENTENCING THE DEFENDANT TO THE SERVE [sic] THE REMAINDER OF HIS TERM IN THE WARREN COUNTY JAIL WHEN A LESSER SANCTION WOULD ACHIEVE THE PURPOSES OF SENTENCING.

{¶ 7} In his sole assignment of error, appellant argues his sentence is contrary to law and inconsistent with the sentencing criteria. We disagree.

{¶ 8} We review a felony community control violation penalty, as we review all felony sentences, pursuant to R.C. 2953.08(G)(2). *State v. Ford*, 12th Dist. Clermont No. CA2018-07-052, 2019-Ohio-1196, ¶ 9. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Landingham*, 12th Dist. Warren Nos. CA2017-08-127 and CA2017-08-128, 2018-Ohio-1568, ¶ 7

{¶ 9} "It is well-established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense." *State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-06-108, 2016-Ohio-5559, ¶ 22. The revised code provides the trial court with several options for punishing a community control violation. Relevant to this review, the trial court may impose "a new term of up to six months in a community-based correctional facility that serves the county, in a halfway house, or in a jail, which term shall be in addition to any other term imposed under this division." R.C. 2929.15(B)(1) and 2929.16(A)(6).

{¶ 10} Appellant argues that the trial court should have placed him in the TCC halfway house so that he could obtain a job and "generate income lawfully, without resorting to selling drugs and/or other illegal activities." Appellant states that the trial court did not allow him to do so because he refused to complete the CCC program. However, appellant maintains that the CCC program had not been effective for him in the past, and therefore he should be permitted to "opt for the halfway house" at TCC.

{¶ 11} Following review, we find the trial court did not err in its sentencing decision, as appellant's sentence was not contrary to law and was supported by the record. In this case,

a new term of up to six months in jail is specifically authorized for violations of community control. The record reveals that the term imposed by the trial court is less than the maximum jail term allowed under R.C. 2929.16(A)(6) and is completely supported by the record.

{¶ 12} While imposing the jail term, the trial court specifically stated its overriding concern was appellant's drug addiction, which had been mostly a life-long problem. Appellant had a criminal history dating back to 2000, had been to prison four times, and had been "Narcanned" in response to drug overdoses 29 times. The trial court stated "I don't know what the magic number one way or the other, either to get through to you that you're going to kill yourself or turn that switch off." After appellant was unsuccessfully discharged from CCC, the record confirms that he was unwilling to complete the CCC program or comply with the court's order. Though appellant may wish to serve his time in the TCC halfway house, he does not get to choose the program he attends to satisfy the terms of his community control. As a result, we find the trial court's sentence was not contrary to law and appellant's sole assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.