[Cite as *State v. Neal*, 2019-Ohio-2277.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-09-068 |
| | : | O P I N I O N |
| - vs - | | 6/10/2019 |
| | : | |
| JOSHUA NEAL, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2017 CR 000192


D. Vincent Faris, Clermont County Prosecuting Attorney, Nick Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert R. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**RINGLAND, P.J.**

{¶ 1} Appellant, Joshua Neal, appeals the prison sentence imposed by the Clermont County Court of Common Pleas following the revocation of his community control. For the following reasons, we affirm the sentence.

{¶ 2} In March 2017, appellant was indicted on one count of aggravated possession of drugs, a fifth-degree felony, after law enforcement discovered fentanyl in appellant's

possession while investigating an automobile collision between appellant and another motorist. Subsequently, appellant pled guilty to the charge. The trial court sentenced appellant to four years of community control, including an order to participate in a drug treatment program, and advised appellant that he could potentially serve twelve months in prison should he violate the terms and conditions of community control.

{¶ 3} Overall, appellant violated community control three times. For the first and second violations, appellant admitted to the violations and the trial court continued him on community control. To elicit compliance, the court switched the drug treatment facilities after each violation. In total, the court ordered appellant to attend a drug treatment program at three different facilities as part of the community control sanctions.

{¶ 4} In May 2018, appellant's probation officer filed a third affidavit of violation alleging that appellant violated the community control sanction by prematurely terminating his treatment by leaving the residential treatment facility. At the adjudication hearing appellant admitted to the violation.

{¶ 5} In August 2018, at the sentencing hearing, the trial court revoked community control and imposed a 12-month prison term. At this hearing, the trial court found that appellant was not subject to the 90-day sentence limitation provided by R.C. 2929.15(B)(1)(c)(i), because appellant's violation was not "technical" for two reasons. First, appellant violated a substantive condition of community control by voluntarily leaving the treatment program. Second, appellant absconded from supervision by voluntarily leaving the facility and other failures to report to his probation officer, thereby making continued community control impractical. At the sentencing hearing, appellant objected to the trial court's decision and the court overruled the objection.

{¶ 6} Appellant now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED IN FINDING THAT R.C. 2929.15(B)(1)(c)(i) DID

NOT APPLY TO APPELLANT.

{¶ 8} Appellant argues the trial court erred when it determined the violation was not a "technical violation." Appellant contends that since there is no statutory definition of the term "technical violation," the trial court should have interpreted "technical violation" to mean any violation that is not criminal in nature.

{¶ 9} We review a prison sentence imposed for violating felony community control sanctions, as we review all felony sentences, pursuant to R.C. 2953.08(G)(2). *State v. Ford*, 12th Dist. Clermont No. CA2018-07-052, 2019-Ohio-1196, ¶ 9; *accord State v. Eckert*, 12th Dist. Clermont No. CA2018-06-038, 2019-Ohio-1289, ¶ 7. Under R.C. 2953.08(G)(2), an appellate court may modify or vacate a sentence only if it clearly and convincingly finds the record does not support the trial court's findings under relevant statutes or the sentence is otherwise contrary to law. *State v. Bishop*, 12th Dist. Clermont Nos. CA2018-05-031 and CA2018-05-036, 2019-Ohio-592, ¶ 8.

{¶ 10} Pursuant to R.C. 2929.15(B), a trial court may impose a prison sentence as punishment for violating the terms and conditions of community control if the prison term is within the statutorily permitted range for the underlying offense and the offender was previously notified of the potential prison term at his sentencing hearing for the original criminal offense or a prior community control violation. *Ford* at ¶ 10.

{¶ 11} However, R.C. 2929.15(B)(1)(c) imposes specific limitations on the potential prison sentence when the underlying offense is a fifth-degree or fourth-degree felony. Specifically, this division limits the possible prison sentence to 90 days—where the underlying offense is a fifth-degree felony—if the community control violation constitutes either a new, non-felony violation of law or a "technical violation". *State v. Walsson*, 12th Dist. Clermont No. CA2018-02-004, 2018-Ohio-4485, ¶ 12.

{¶ 12} While "technical violations" are not defined by statute, this court has previously

- 3 -

narrowed the scope of what constitutes a technical violation. A violation of a special condition of community control will not be considered a technical violation, for R.C. 2929.15(B)(1)(c) purposes, where the special condition created a "substantive rehabilitative requirement" of the imposed terms or conditions. *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18. This is because special conditions are not merely administrative requirements that facilitate supervision, but specific orders tailored to address and treat the offender's underlying health or behavioral issues and rehabilitate criminal conduct. *Id.* at ¶ 17-18.

{¶ 13} In *Davis*, the offender was required to complete a drug treatment program at a community-based correctional facility as a special condition of his community control. *Id.* at ¶ 3. The offender violated his community control by voluntarily leaving the drug treatment program. *Id.* at ¶ 4. The *Davis* court held that the offender's voluntarily departure from the program, was not merely "technical" in nature, because it violated a substantive requirement of community control addressing the offender's substance abuse problem. *Id.* at ¶ 17-18.

{¶ 14} In the case sub judice, the facts are similar. The trial court ordered appellant to attend a drug treatment program as a specifically tailored substantive rehabilitative requirement to treat his drug addiction. Appellant failed to complete the program, as in *Davis*, by voluntarily leaving the residential treatment facility. This act showed an intentional disregard for a substantive rehabilitative requirement of his community control. Therefore, appellant's violation was not a "technical" violation because he voluntarily left his assigned drug treatment program. Additionally, we note, the trial court gave appellant several opportunities—from three different treatment facilities—to successfully complete this condition and the second and third violations arose from appellant's failure to comply with the assigned programs. Consequently, the trial court did not err when it decided the R.C. 2929.15(B)(1)(c)(i) limitation did not apply.

{¶ 15} Furthermore, the sentence was not otherwise contrary to law.  The 12-month prison term is within the range permitted for a fifth-degree felony under R.C. 2929.14 and the trial court properly advised appellant of the potential prison sentence at his original sentencing hearing.

{¶ 16} Accordingly, appellant's sole assignment of error is overruled.

{¶ 17} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.