[Cite as *State v. Springer*, 2019-Ohio-4401.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-01-008 |
| | : | O P I N I O N |
| - vs - | | 10/28/2019 |
| | : | |
| GARY SPRINGER, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 17CR033716


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036 for appellee

Andrea G. Ostrowski, 20 South Main Street, Springboro, Ohio 45066, for appellant


**S. POWELL, J.**

{¶ 1} Appellant, Gary Springer, appeals the decision of the Warren County Court of Common Pleas revoking his community control and sentencing him to serve 48 months in prison. For the reasons outlined below, we affirm in part, reverse in part, and remand this matter to the trial court for the limited purpose of resentencing.

{¶ 2} On January 25, 2018, Springer pled guilty to single counts of violating a

protection order, domestic violence, and obstructing official business. Two months later, on March 25, 2018, the trial court held a sentencing hearing and sentenced Springer to five years of community control. Although the record does not contain a transcript of this sentencing hearing, the trial court's sentencing entry states, in pertinent part, the following:

> Violation of this sentence may lead to a longer or more restrictive sanction, or the Court may impose a prison term of up to <u>36 months as to Count 2 [violating a protection order], 12 months as to Counts 4 [domestic violence] and 5 [obstructing official business] concurrent to each other, but consecutive to Count 2 for a total sentence of 48 months in prison.</u>

(Underlined text sic.)

{¶ 3} The conditions placed on Springer during this period of community control included the standard prohibitions generally placed on a probationer. These conditions required Springer to, among other things, obey all federal, state, and local laws and ordinances and not leave the state without written permission from his probation officer. The trial court also placed several other special conditions on Springer. One of those special conditions forbid Springer from having any "face-to-face contact with the victim * * * until approved by Community Control."

{¶ 4} On August 24, 2018, a report of community control violation was filed with the trial court alleging Springer had violated the conditions of his community control by having face-to-face contact with the victim. The following week, on August 28, 2018, the trial court held a community control revocation hearing. During this revocation hearing, Springer admitted to the violation as alleged in the report. Due to his admission, the trial court found Springer guilty of violating the conditions of his community control. But, although finding Springer guilty, the trial court nevertheless continued Springer on community control with additional, more restrictive conditions.

{¶ 5} Specifically, as the trial court stated when imposing these additional, more

restrictive conditions:

> You are to have no contact whatsoever with the victim in this case and when I say no contact, I mean no direct contact, no indirect contact, no social media, no text, nothing. * * * I don't want you having any contact with her, at all. None, zero.

{¶ 6} The trial court then explained the consequences Springer faced if he had any contact with the victim again. As the trial court stated:

> There's only one person in the entire universe that makes the decision as to whether or not you violated my probation and that is me. And, if I decide that you have violated the terms of your probation, I will send you back to prison, immediately. We'll have a hearing. I mean, you'll have * * * the opportunity to present evidence, okay. Is there a jury that's going to decide – I'm going to decide whether you violated the terms of my no contact order or not. * * * So, you are not going to get a lot more grace in this case.

The trial court concluded by stating, "I assure you. So, if I see you again, it's not going to go well for you." The trial court's sentencing entry also noted that Springer was to have "no contact" with the victim.

{¶ 7} On November 28, 2018, a second report of community control violation was filed with the trial court. Similar to the first report, this new report also alleged Springer had violated the conditions of his community control by having contact with the victim.

{¶ 8} On December 13, 2018 and January 23, 2019, the trial court held a bifurcated two-day community control revocation hearing. At the outset of this two-day hearing, Springer admitted to violating the conditions of his community control as alleged in the report. Due to Springer's admission, the trial court found Springer guilty of violating the conditions of his community control for a second time. Upon finding Springer guilty, the trial court revoked Spring's community control and ordered Springer to serve a total of 48 months in prison; 36 months on the violating a protection order charge followed by 12 months on the domestic violence and obstructing official business charges.

{¶ 9} Springer now appeals the trial court's decision, raising three assignments of error for review.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE APPELLANT WAS DENIED DUE PROCESS OF LAW AT HIS REVOCATION HEARING.

{¶ 12} In his first assignment of error, Springer argues that he was denied due process when the trial court found him guilty for violating the conditions of his community control for a second time. Springer supports this claim by alleging there was not "substantial evidence" presented at the revocation hearing to support the trial court's guilt finding. However, as the record indicates, Springer admitted to violating the conditions of his community control at the outset of the two-day revocation hearing. Specifically, as Springer stated when informing the trial court that he wanted to admit to the alleged violation:

> THE COURT: All right, Mr. Springer, do you understand the rights that you're giving up by admitting to this violation?
>
> DEFENDANT SPRINGER: Yes, sir.
>
> THE COURT: Is this what you want to do?
>
> DEFENDANT SPRINGER: Yes, sir.
>
> THE COURT: Do you admit or do you deny that you violated probation?
>
> DEFENDANT SPRINGER: Admit.
>
> THE COURT: I'm sorry, I didn't hear you?
>
> DEFENDANT SPRINGER: Admit.
>
> THE COURT: All right, based on your admission, I find that you've violated the terms of community control.

{¶ 13} By admitting to the violation, Springer "waived the requirement that evidence be presented against him[.]" *State v. Frazier*, 8th Dist. Cuyahoga No. 104596, 2017-Ohio-

- 4 -

470, ¶ 12. "He further waived the right to cross-examine or call witnesses." *Id.* This is analogous to when a defendant enters a guilty plea. *See State v. Jordan*, 12th Dist. Warren No. CA2014-04-051, 2015-Ohio-575, ¶ 29 ("[b]y pleading guilty, a defendant admits to committing the offense as charged"); *State v. Kremer*, 12th Dist. Dist. Warren Nos. CA2017-07-115 and CA2017-07-116, 2018-Ohio-3339, ¶ 12 ("a guilty plea is a complete admission of the defendant's guilt"). Therefore, regardless of whether Springer's contact with the victim could be considered unintentional, accidental, or harmless as Springer argued to the trial court and to this court on appeal, the violation was nevertheless established by Springer's admission. This holds true despite the fact that the trial court accepted additional evidence regarding the details leading up to the violation.

{¶ 14} The fact that the trial court took additional evidence following Springer's admission was not done to establish whether a violation had in fact occurred. This is because there was no reason to submit any evidence once the violation is admitted. *State v. Carter*, 8th Dist. Cuyahoga No. 73728, 1998 Ohio App. LEXIS 5413, *10 (Nov. 12, 1998) ("[t]here was no point in demanding evidence [be presented at a revocation hearing] when the violation was admitted"). Rather, as the record indicates, the trial court accepted additional evidence only to give Springer an opportunity to shift the blame for his admitted contact with the victim in hopes that he would get a reduced sentence. That is to say, "the hearing that was had was only to address the consequence, or punishment, for the violation[]" and not to determine whether the violation had actually occurred. *State v. Fonte*, 8th Dist. Cuyahoga No. 98144, 2013-Ohio-98, ¶ 8.

{¶ 15} The trial court notified Springer of this very fact at the conclusion of the revocation hearing's first day. As the trial court stated:

> What I am trying to figure out is two things: What happened and
> what to do about it? Normally, in a probation violation hearing
> the what happened part is not disputed. I tested positive for

- 5 -

> drugs. I did this. I did that. You know, if that version, if [your probation officer's] version of the events is not correct, then it's going to *make a difference on what your sentence is going to be.*

(Emphasis added.)

{¶ 16} Continuing, after informing Springer that there was "no doubt" that his community control would be revoked, the trial court stated:

> Now, if you dispute that version, I may not send you – if what you say is more true than what [your probation officer] has represented, then it could *make a difference on what your sentence is going to be.* I may not impose the entire forty-eight months. I may impose less than that. Or I may release you from prison on some sort of judicial release for supervision, assuming that I'm allowed to do that.

(Emphasis added.)

{¶ 17} Upon learning the trial court would permit him to provide additional evidence as to how the violation occurred, Springer's trial counsel responded and stated that Springer was "admitting to the violation, but just the details he would like to explain, so we'll do that at the next hearing." To this, the trial court stated, "[d]etails seem very important in this case." Therefore, while true that the trial court accepted additional evidence, Springer's claim that this was done in order to establish whether a violation had in fact occurred is not supported by the record. That is to say, Springer's claim that there was a question then, and still a question now, as to whether he violated the conditions of his community control by having contact with the victim lacks merit.

{¶ 18} Springer also argues that he was denied due process when the trial court admitted hearsay statements from the victim during the revocation hearing. But, as the record indicates, the trial court heard these alleged hearsay statements for the sole purpose of determining the appropriate prison sentence that should be imposed. Again, contrary to Springer's claim, "the hearing that was had was only to address the consequence, or

punishment, for the violation[]" and not whether a violation had in fact occurred. *Fonte*, 2013-Ohio-98 at ¶ 8. Therefore, while hearsay statements from the victim may have been introduced during this hearing, we find this falls well short of what could be considered a violation of Springer's due process rights. This is particularly true here when considering revocation hearings are informal proceedings that are not subject to the rules of evidence. *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, ¶ 21 (6th Dist.) ("[p]robation revocation hearings are not subjected to the rules of evidence, thus allowing for the admission of hearsay evidence"); *State v. Harian*, 8th Dist. Cuyahoga No. 97269, 2012-Ohio-2492, ¶ 16 (a community control revocation hearing is "an informal proceeding with relaxed rules of evidence and procedure"). Springer's claim otherwise lacks merit.

{¶ 19} Springer further argues that he was denied due process when the trial court admitted testimony regarding another instance when he had contact with the victim that was not set forth in the second report of community control violation filed with the trial court.[1] However, even if we were to find it was improper for the trial court to admit this testimony, there is nothing in the record to indicate the trial court considered this testimony when issuing its sentencing decision. The record instead indicates the trial court was concerned only with the fact that Springer had contact with the victim at all, a fact that Springer specifically admitted to at the onset of revocation hearing's first day. Therefore, because there is nothing in the record to indicate the trial court considered any other instance where Springer was alleged to have violated the trial court's no contact order than what Springer admitted to at the start of the revocation hearing's first day, any error the trial court may have made by admitting this evidence was, at worst, harmless. Accordingly, finding no merit to any of the arguments raised by Springer herein, Springer's first assignment of error

---

1. The challenged testimony related to Springer traveling to Tennessee to watch one of his children's sporting events while the victim stayed in the hotel room next door.

- 7 -

is overruled.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT ERRED IN ITS DECISION DETERMINING THAT THE VIOLATION WAS NOT A TECHNICAL ONE.

{¶ 22} In his second assignment of error, Springer argues the trial court erred by finding the violation of the conditions of his community control was a nontechnical violation, thereby removing it from the 90-day prison term limitation found in R.C. 2929.15(B)(1)(c)(i). We disagree.

{¶ 23} "The Ohio Revised Code provides the trial court with several options for punishing a community control violation." *State v. Ford*, 12th Dist. Clermont No. CA2018-07-052, 2019-Ohio-1196, ¶ 10. One of those options is set forth in R.C. 2929.15(B)(1)(c). "Pursuant to that statute, if the conditions of community control are violated, or if the offender violates a law, or if the offender leaves the state without the permission of the court or the offender's probation officer, the trial court may impose a prison term in accordance with R.C. 2929.14 and 2929.15(B)(3)." *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 18.

{¶ 24} However, as provided by R.C. 2929.15(B)(1)(c)(i), the imposition of a prison term may be subject to a 90-day limitation. Specifically, as R.C. 2929.15(B)(1)(c)(i) provides:

> If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

Therefore, based on the language found in R.C. 2929.15(B)(1)(c)(i), this court has held the 90-day prison term limitation applies only when the community control violation is a

- 8 -

"technical violation" or a nonfelony violation of law. *State v. Eckert*, 12th Dist. Clermont No. CA2018-06-038, 2019-Ohio-1289, ¶ 11.

{¶ 25} "While 'technical violations' are not defined by statute, this court has previously narrowed the scope of what constitutes a technical violation." *State v. Neal*, 12th Dist. Clermont No. CA2018-09-068, 2019-Ohio-2277, ¶ 12. "A violation of a special condition of community control will not be considered a technical violation, for R.C. 2929.15(B)(1)(c) purposes, where the special condition created a 'substantive rehabilitative requirement' of the imposed terms or conditions." *Id.*, citing *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18. "This is because special conditions are not merely administrative requirements that facilitate supervision, but specific orders tailored to address and treat the offender's underlying health or behavioral issues and rehabilitate criminal conduct." *Id.*, citing *Davis* at ¶ 17-18. This includes, but is not limited to, circumstances where an appellant either voluntarily or involuntarily fails to participate and successfully complete a specified drug treatment program. *See, e.g., Davis* at ¶ 18; *Neal* at ¶ 14; *Baker*, 2019-Ohio-2280 at ¶ 24; and *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 24.

{¶ 26} As noted above, Springer argues that the trial court erred by finding the violation of the conditions of his community control was a nontechnical violation, thereby removing it from the 90-day prison term limitation. Springer supports this claim by alleging the violation was merely technical since he was not charged with any new crime by again having contact with the victim. However, contrary to Springer's claim, "it is the activity itself that is considered and not whether a formal charge has been issued." *State v. Ford*, 12th Dist. Clermont No. CA2018-07-052, 2019-Ohio-1196, ¶ 13; *see, e.g., State v. Walsson*, 12th Dist. Clermont No. CA2018-02-004, 2018-Ohio-4485, ¶ 12 (cocaine use constituted a nontechnical violation of community control even though no formal charges had been filed).

{¶ 27} The no-contact order Springer admitted to violating was a special condition the trial court put in place to address Springer's behavioral issues that arise when he has contact with the victim. We have consistently held that violating a special condition imposed by the trial court is more than just a mere technical violation. *See, e.g., Davis; Neal*; *Baker*; *and Starr.* Therefore, because Springer admitted to the violation by acknowledging that he had had contact with the victim, this holds true even though Springer claims there is an "uncertainty of the facts" that led to the no-contact order being violated. Accordingly, finding no merit to any of the arguments raised by Springer herein, Springer's second assignment of error is also overruled.

{¶ 28} Assignment of Error No. 3:

{¶ 29} THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO CONSECUTIVE PRISON TIME.

{¶ 30} In his third assignment of error, Springer argues the trial court erred by ordering him to serve his 36-month and 12-month prison sentences consecutively without first making the necessary consecutive sentence findings as required by R.C. 2929.14(C)(4). The state concedes, and we agree, that the trial court erred by not making the necessary consecutive sentence findings prior to issuing its sentencing decision. *State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-6-108, 2016-Ohio-5559, ¶ 41 ("a trial court [must] make the R.C. 2929.14[C][4] consecutive sentence findings when sentencing a defendant to consecutive prison terms for community control violations"). The trial court's decision imposing consecutive sentences is therefore reversed and this matter is remanded to the trial court for the limited purpose of resentencing.

{¶ 31} On remand, the trial court shall consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4) and, if so, shall make the required statutory findings on the record at the resentencing hearing and thereafter incorporate its findings into a

resentencing entry. *Duncan* at ¶ 52, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29, 37; and *State v. Lee*, 12th Dist. Butler No. CA2014-03-076, 2015-Ohio-1760, ¶ 15. Accordingly, finding merit to Springer's arguments raised herein, Springer's third assignment of error is sustained.

{¶ 32} Judgment affirmed in part, reversed in part, and this cause is remanded to the trial court for the limited purpose of resentencing.

RINGLAND, P.J., and PIPER, J., concur.