[Cite as *State v. Starr*, 2019-Ohio-2081.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                :        CASE NOS. CA2018-09-065

        Appellee,          :                   CA2018-09-066

                             :        O P I N I O N

  - vs -                      :        5/28/2019

                             :

CINDY J. STARR,         :

        Appellant.        :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014CR00590


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, Batavia, Ohio 45103 for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103 for appellant


      **M. POWELL, J.**

      **{¶ 1}** Appellant, Cindy Starr, appeals the sentence imposed by the Clermont County Court of Common Pleas following the revocation of her community control.

      **{¶ 2}** In June 2015, appellant pled guilty to two fifth-degree felony counts of heroin possession in two separate cases, Case No. 2014 CR 0590 ("Case No. 590") and Case No. 2015 CR 0065 ("Case No. 65"). The charges stemmed from appellant using heroin one

month prior to giving birth in Case No. 590, and from possessing heroin in her purse while visiting a jailed friend in Case No. 65. On July 8, 2015, the trial court sentenced appellant to five years of community control in both cases. The sentencing entries provided general conditions of supervision and several court-ordered community control conditions. As relevant here, appellant was required to successfully complete any recommended substance abuse treatment and follow her probation officer's verbal and written instructions.

{¶ 3} Between November 2015 and January 2018, appellant's probation officer filed four affidavits alleging that appellant had violated the conditions of her community control by, inter alia, failing to successfully complete ordered substance abuse treatment and follow her probation officer's instructions. Each time, appellant was found in violation of her community control, continued on community control, and ordered to complete a specific substance abuse treatment program. Upon sentencing appellant for her fourth community control violation in January 2018, the trial court required her to complete a six-month complete lockdown treatment at the MonDay Community Correctional Institution. The sentencing entry reflecting that sentence was journalized on February 6, 2018, in Case No. 65. However, a similar sentencing entry was not journalized at that time in Case No. 590.

{¶ 4} On August 3, 2018, appellant's probation officer filed an affidavit in both cases, alleging that appellant had violated two conditions of her community control, namely, she was unsuccessfully discharged from the MonDay treatment program "for continued rule violations throughout her time in the program," and she failed to follow her probation officer's instructions "as evidenced by the other violatio[n] within this affidavit." On August 6, 2018, appellant appeared before the trial court and admitted violating both community control conditions. This was appellant's fifth community control violation in both cases. The trial court accepted the violation admission and continued the matter for sentencing on August

8, 2018.

{¶ 5} At the August 8, 2018 sentencing hearing, the trial court found that appellant was unsuccessfully discharged from the MonDay treatment program for violating the rules of the program 30 times. The trial court further found that appellant was given numerous opportunities to successfully complete a substance abuse treatment program over the years but failed each time. The trial court terminated appellant's community control and sentenced her to 12 months in prison in both cases, to be served consecutively. In sentencing appellant, the trial court specifically found that the 90-day prison term limitation provision set forth in R.C. 2929.15(B)(1)(c)(i) did not apply.

{¶ 6} Approximately two hours after the conclusion of the August 8, 2018 sentencing hearing for appellant's fifth community control violation, the entry requiring appellant to successfully complete the MonDay treatment program arising from her fourth community control violation in Case No. 590 was journalized in that case. The sentencing entries terminating appellant's community control in both cases and sentencing her to an aggregate 24-month prison term were journalized on August 22, 2018.

{¶ 7} Appellant appeals her prison sentence, raising two assignments of error.

{¶ 8} We review a felony community control violation penalty, as we review all felony sentences, pursuant to R.C. 2953.08(G)(2). *See State v. Walsson*, 12th Dist. Clermont No. CA2018-02-004, 2018-Ohio-4485, ¶ 8-9. Under R.C. 2953.08(G)(2), an appellate court may modify or vacate a felony sentence only if the sentence is clearly and convincingly contrary to law or unsupported by the record. *State v. McGowan*, 147 Ohio St.3d 166, 2016-Ohio-2971, ¶ 1, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 7. A sentence is not contrary to law where the sentence is within the permitted statutory range. *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶

8.

{¶ 9} Assignment of Error No. 1:

{¶ 10} THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO PRISON IN CASE NO. 2014-CR-0590 AS NO SENTENCING ENTRY WAS JOURNALIZED REQUIRING HER TO COMPLETE THE MONDAY PROGRAM.

{¶ 11} Appellant argues the trial court erred in sentencing her to prison in Case No. 590 following the revocation of her community control for failing to successfully complete the MonDay treatment program because the entry imposing the community control condition was not journalized until after the trial court terminated her community control in that case.

{¶ 12} It is well-established that a court speaks only through its journal entries and not by oral pronouncement or through decisions. *State v. Smith*, 12th Dist. Butler No. CA2009-02-038, 2010-Ohio-1721, ¶ 59; *State v. Coyle*, 12th Dist. Clermont No. CA97-02-014, 1997 Ohio App. LEXIS 4582, *6 (Oct. 13, 1997) (a court speaks only through its journal entries, and a pronouncement of sentence does not become the official action of the court unless and until it is entered upon the court's journal). Furthermore, "in order for a sanction to commence, it must first be imposed by the sentencing court. A sanction is imposed by the sentencing entry, not by what is said on the record during the sentencing hearing." *State v. Halsey*, 12th Dist. Butler No. CA2016-01-001, 2016-Ohio-7990, ¶ 26.

{¶ 13} The state concedes that the trial court's order that appellant complete the MonDay treatment program in Case No. 590 was not effective until the sentencing entry ordering her to do so was journalized on August 8, 2018. Consequently, the state admits that "[a]ppellant could not have violated that community control condition for her failure to complete the MonDay program until after August 8, 2018. As such, when the probation

- 4 -

department filed the affidavit in case 2014 CR 590 on August 3, 2018, [appellant's] failure to complete the MonDay program as directed by the trial court was not a violation of her community control." The trial court, therefore, erred in finding that appellant violated her community control in Case No. 590 because she did not successfully complete the court-ordered MonDay treatment program, and in consequently sentencing her to prison for the alleged violation. *See State v. Jackson*, 123 Ohio App.3d 22 (11th Dist.1997).

{¶ 14} However, appellant was also found to be in violation of her community control for failing to comply with her probation officer's instructions as ordered in the July 8, 2015 sentencing entry in Case No. 590.[1] Indeed, during the August 2018 violation hearing, appellant specifically admitted to violating "Condition No. 5 of the community control entries filed 7/8/2015 in that [she] failed to follow her probation officer's verbal or written instructions as evidenced by the other violations contained within this affidavit."

{¶ 15} Appellant asserts that her failure to comply with her probation officer's instructions related to her failure to complete the MonDay treatment program and was thus "merely duplicative of the MonDay violation." In other words, appellant asserts there is no distinction between the trial court's order that she complete the MonDay treatment program and her probation officer's instructions that she do so. However, the two conditions are distinct and not duplicative. Appellant, in being unsuccessfully discharged from the MonDay

---

1. Because the sentencing entry in Case No. 590 ordering appellant to complete the MonDay treatment program arising from her fourth community control violation had not been journalized as of the time of the adjudication of appellant's fifth community control violation, the sentence to which appellant was subject in Case No. 590 was the sentence arising from her third community control violation. The trial court's judgment entry continuing appellant's community control following her third community control violation implicitly included the requirement that she comply with her probation officer's instructions ("The sanctions of community control * * * shall be the same as have been previously ordered by the court to the extent that they are not inconsistent with the following additional sanctions which are hereby imposed[.]"). As stated above, the trial court's original July 8, 2015 entry sentencing appellant to community control explicitly ordered appellant to comply with her probation officer's instructions. This community control condition was subsequently incorporated by reference in the trial court's sentencing entries continuing appellant on community control following her first three community control violations.

- 5 -

treatment program, failed to both comply with the trial court's order and follow her probation officer's instructions, two separate violations.

{¶ 16} In light of the foregoing, we find that the trial court did not err in finding appellant in violation of the terms of her community control and in sentencing her to prison in Case No. 590 following the revocation of her community control in that case.

{¶ 17} Appellant's first assignment of error is overruled.

{¶ 18} Assignment of Error No. 2:

{¶ 19} THE TRIAL COURT ERRED IN FINDING THAT AN INVOLUNTARY DISCHARGE FROM A DRUG TREATMENT PROGRAM IS NOT A TECHNICAL VIOLATION UNDER R.C. 2929.15(B)(1)(c)(i).

{¶ 20} Appellant argues the trial court erred in sentencing her to 12 months in prison in Case No. 65 because her "involuntary" discharge from the MonDay treatment program was a technical violation under R.C. 2929.15(B)(1)(c)(i); therefore, the maximum prison term that could be imposed for the community control violation was 90 days.

{¶ 21} R.C. 2929.15(B)(1)(c) allows a trial court to impose a prison term if a defendant violates the conditions of a community control sanction. However, a prison term for the violation of a community control sanction imposed for a fifth-degree felony may not exceed 90 days if the violation was either a "technical violation" or any "violation of law * * * that consists of a new criminal offense and that is not a felony[.]" R.C. 2929.15(B)(1)(c)(i). The trial court found that appellant was not entitled to the 90-day limitation in R.C. 2929.15(B)(1)(c)(i) because her unsuccessful discharge from the MonDay treatment program was not a technical violation.[2]

_____

2. The trial court further found that R.C. 2929.15(B)(1)(c)(i) did not apply because appellant was "being sentenced for multiple felonies[.]" However, this court recently held that R.C. 2929.15(B)(1)(c)(i) applies to a defendant serving community control for multiple felonies of the fifth degree. *State v. Bishop*, 12th Dist. Clermont Nos. CA2018-05-031 and CA2018-05-036, 2019-Ohio-592, ¶ 14-15. Therefore, the trial court erred

- 6 -

**{¶ 22}** We recently held that a defendant's voluntary discharge from a community based correctional facility, and thus his failure to complete a substance abuse treatment there, were not a technical violation under R.C. 2929.15(B)(1)(c) because the community control condition mandating the defendant to complete a substance abuse treatment was not merely an administrative requirement facilitating community control supervision. *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18. Rather, the community control condition was directly imposed by the trial court and was specifically tailored to address and treat the defendant's substance abuse issues. It was thus a substantive rehabilitative requirement which addressed a significant factor contributing to the defendant's criminal conduct. *Id.* at ¶ 17-18.

**{¶ 23}** Other appellate districts have followed *Davis* and likewise view the nature of a violated community control condition, for purposes of R.C. 2929.15(B)(1)(c), as either a specifically tailored substantive rehabilitative requirement or merely a general administrative requirement facilitating supervision during community control. *See State v. Nelson*, 2d Dist. Champaign No. 2018-CA-5, 2018-Ohio-4763; *State v. Blake*, 4th Dist. Hocking No. 18CA6, 2018-Ohio-5413; *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219. In particular, the Fourth Appellate District held that a defendant's unsuccessful discharge from a substance abuse treatment program, whether voluntary or involuntary, was not a technical violation under R.C. 2929.15(B)(1)(c):

> In the case sub judice, the only difference between * * * *Mannah* and the case at bar is that appellant was discharged from the CBCF; she did not voluntarily sign herself out. Nevertheless, the end result is the same – appellant failed to complete the STAR program, which constitutes a violation of community

---

in finding that the statute did not apply because appellant was convicted of multiple fifth-degree felonies. However, the error is not prejudicial because appellant is not entitled to the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) as her discharge from the MonDay treatment program was not a technical violation. *See* App.R. 12(B); *State v. Eckert*, 12th Dist. Clermont No. CA2018-06-038, 2019-Ohio-1289, ¶ 10, 13.

control. Therefore, * * * we conclude that the requirement for appellant to complete a CBCF is a special condition of community control and, thus, a non-technical violation.

*Blake* at ¶ 11.

{¶ 24} After failing to complete several substance abuse treatment programs, appellant was ordered by the trial court to successfully complete the MonDay treatment program. This community control condition was specifically tailored to appellant to address and treat her substance abuse issues. The condition was a substantive rehabilitative requirement which addressed a significant factor contributing to appellant's criminal conduct. Appellant was unsuccessfully discharged from the program and she admitted to the violation at the August 6, 2018 violation hearing. Appellant's "involuntary" discharge from the MonDay treatment program and thus her failure to complete treatment there was not a technical violation under R.C. 2929.15(B)(1)(c)(i). *Davis*, 2018-Ohio-2672 at ¶ 17-18; *Blake*, 2018-Ohio-5413 at ¶ 11.

{¶ 25} In light of the foregoing, we find that the trial court did not err in finding that appellant's unsuccessful discharge from the MonDay treatment program was not a technical violation, and thus, that the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) was inapplicable in Case No. 65. Furthermore, the 12-month prison term is within the statutorily permitted range for appellant's original offense in that case.

{¶ 26} Appellant's second assignment of error is overruled.

{¶ 27} Judgment affirmed.

HENDRICKSON, P.J., concurs.

RINGLAND, J., concurs in part and dissents in part.

**RINGLAND, J., concurring in part and dissenting in part.**

{¶ 28} I concur with the majority in resolution of Appellant's first assignment of error to the extent that appellant was required to complete the MonDay program. However, I dissent as to the second assignment of error addressing appellant's involuntary discharge from the MonDay program.

{¶ 29} As an initial matter, I concur with this court's precedent as stated in *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672. In *Davis*, the defendant voluntarily signed himself out of a community based correctional facility ("CBCF") for which he had been sentenced as part of his community control. *Id.* at ¶ 5. This court found the defendant's violation was nontechnical in nature because completing the CBCF treatment program was a special condition and substantive rehabilitative requirement addressing a significant factor contributing to his criminal conduct. *Id.* at ¶ 18.

{¶ 30} This court's decision in *Davis* was followed by the Fifth District in *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, where again the defendant voluntarily signed herself out of her required CBCF treatment program. *Id.* at ¶ 15. The Fifth District also appropriately noted that, although the defendant's actions in voluntarily leaving the treatment program were not criminal, the violation was nontechnical in nature and therefore the limitation in R.C.2929.15(B)(1)(c)(i) does not apply. *Id.*

{¶ 31} The results in *Davis* and *Mannah* are well-supported by law and further legislative intent. A similar case that bears reference is *State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151. In *Neville*, the defendant was sentenced to community control with special conditions. *Id.* at ¶ 6. As in *Davis* and *Mannah*, although the defendant did not commit a new criminal offense, she failed to report to her probation officer from the time of her sentencing until she was arrested on a warrant over three months later. *Id.* at ¶ 44. In other words, the defendant failed to report at all and therefore failed to meet any of the

conditions of her community control sanctions. *Id.* The court noted, however, that the result may have been different had the defendant failed to report once after having previously been in compliance with her reporting requirements. *Id.* at ¶ 48.

{¶ 32} The common thread in this line of cases is the defendant's voluntary refusal to comply with the conditions of community control. However, the issue in the present case is different than the situations presented in *Davis*, *Mannah*, and *Neville*. In this case, appellant did not voluntarily sign herself out of the MonDay program.

{¶ 33} The majority cites *State v. Blake*, 4th Dist. Hocking No. 18CA6, 2018-Ohio-5413 to support the position that a defendant's involuntary discharge from a substance abuse treatment program is not a technical violation under R.C. 2929.15(B)(1)(c). Though *Blake* addresses the precise issue in this case, I disagree with the reasoning therein as it appears the court adopted a "bright-line test."

{¶ 34} In *Blake*, the Fourth District considered the *Davis* and *Mannah* cases and noted that the only difference between the cases is that Blake was discharged from the CBCF; she did not voluntarily sign herself out. *Id.* at ¶ 11. Nevertheless, the court found there to be no technical violation because the "end result is the same," i.e., the failure to complete the program, which constituted a violation of community control. *Id.*

{¶ 35} The focus on the "end result" does not further the legislative intent behind the adoption of R.C.2929.15(B)(1)(c)(i). Rather, courts should consider the conduct giving rise to the involuntary termination. In the present case, the facial justification for appellant's prison sentence is that she violated the terms of her probation by failing to complete the MonDay program. Unlike in *Davis*, *Mannah*, and *Neville*, appellant was involuntarily discharged from the program for rules violations. Although appellant had several rule infractions throughout her stay in the program, she was ultimately discharged from the

program for bartering clothes, which is a near textbook example of a technical violation.

{¶ 36} As a result, I would remand this matter to the trial court for consideration of the underlying facts leading to appellant's involuntary dismissal. Remand is appropriate in this matter because of concern that a defendant might desire an involuntary termination, thus defeating a central purpose of community control. In resolving those questions, the trial court is in the best position to weigh the credibility of the defendant, hear the nature of the violations, and determine whether there is a technical or nontechnical violation of the conditions of community control. *See Davis*, 2018-Ohio-2672 at ¶ 5 ("trial court considered appellant's explanation [for why he voluntarily left the program] but ultimately did not believe it"). Therefore, with regard and respect for my colleagues in the majority, I dissent as to resolution of appellant's second assignment of error.