[Cite as *State v. Baker*, 2019-Ohio-2280.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-06-042 |
| | : | O P I N I O N |
| - vs - | | 6/10/2019 |
| | : | |
| CHEYANNE A. BAKER, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012 CR 00111

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas A. Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, Ohio 45069, for appellant

**S. POWELL, J.**

{¶ 1}   Appellant, Cheyanne A. Baker, appeals the decision of the Clermont County Court of Common Pleas revoking her community control and sentencing her to 12 months in prison.  For the reasons outlined below, we affirm.

**Facts and Procedural History**

{¶ 2}   On July 26, 2013, Baker pled guilty to possession of heroin in violation of R.C.

2929.11(A). The offense was charged as a fifth-degree felony in accordance with R.C. 2929.11(C)(6)(a). The charge arose after Baker overdosed on heroin and nearly died. Baker, however, was revived after paramedics administered Narcan. After regaining consciousness, Baker admitted to paramedics that she was a heroin addict.

{¶ 3} On September 9, 2013, the trial court sentenced Baker to three years of community control. The conditions of her community control required Baker to adhere to the general rules and conditions of community control. This included a requirement that Baker abide by all federal, state, and local laws. Baker was also required to refrain from consuming or possessing any alcoholic beverages or illegal drugs.

{¶ 4} On May 24, 2016, a violation of community control affidavit was filed with the trial court. This affidavit alleged Baker violated the conditions of her community control by (1) failing to follow her probation officer's instructions; (2) failing to pay her monthly supervision fee; and by (3) failing to refrain from using illegal drugs upon admitting to using heroin earlier that month. The trial court held a hearing on Baker's community control violations on June 14, 2016. Baker admitted to all three violations. But, finding Baker still amenable to community control, the trial court continued Baker on community control "extended from three years to five years."

{¶ 5} On July 21, 2017, a second violation of community control affidavit was filed with the trial court. This affidavit alleged Baker violated the conditions of her community control by (1) committing a fourth-degree misdemeanor offense and thereafter failing to notify her probation officer of the same; (2) failing to report to the probation department as directed; (3) failing to follow her probation officer's instructions; (4) failing to participate in treatment and counseling as recommended upon obtaining an updated substance abuse assessment; and by (5) failing to refrain from using illegal drugs. It was determined that Baker had used illegal drugs after she tested positive for methamphetamine and fentanyl.

Baker also admitted to again using heroin.

{¶ 6} On July 31, 2017, the trial court held a hearing on Baker's second community control violations. Baker admitted to all five violations. The trial court then scheduled the matter for sentencing. Four days later, on August 3, 2017, a supplemental violation of community control affidavit was filed with the trial court. This supplemental affidavit alleged Baker had violated the conditions of her community control by admitting to once again using heroin. Appearing before the trial court the following day, August 4, 2017, Baker also admitted to the supplemental violation.

{¶ 7} On August 29, 2017, the trial court held a sentencing hearing on Baker's second community control violations. Still finding Baker amenable to community control, the trial court continued Baker on community control for an additional five years. The trial court also imposed a further sanction that required Baker to receive medicated assisted drug treatment. Baker was also required to participate and successfully complete a drug treatment program at a specified drug treatment intervention center.

{¶ 8} On October 12, 2017, a third violation of community control affidavit was filed with the trial court. This affidavit alleged Baker violated the conditions of her community control by (1) failing to report to the probation department as directed; (2) failing to follow her probation officer's instructions; (3) failing to refrain from using illegal drugs upon testing positive for methamphetamine and admitting to using heroin; and by (4) failing to participate and successfully complete the required medicated assisted drug treatment.

{¶ 9} On January 22, 2018, the trial court held a hearing on Baker's third community control violations. Baker admitted to all four violations. At a subsequent sentencing hearing held on February 5, 2018, the trial court once again found Baker was amenable to community control and continued Baker on community control for another five years. The trial court also imposed an additional condition that required Baker to participate and

successfully complete a drug treatment program from a specified drug treatment facility. This included a requirement that Baker attend "all individual and group sessions and medical appointments as they are scheduled by the staff of the treatment provider."

{¶ 10} On March 16, 2018, a fourth violation of community control affidavit was filed with the trial court. This affidavit alleged Baker violated the conditions of her community control by (1) failing to follow her probation officer's instructions and by (2) failing to participate and successfully complete the mandated drug treatment program imposed as an additional condition to address her addiction to heroin. Specifically, as it relates to that additional condition, the affidavit alleged:

> The defendant did violate **Additional Condition No.** 1 of the community control entry * * * in that the defendant failed to participate in and successfully complete all available programming at the First Step Home and failed to comply with all applicable rules and regulations of First Step Home. Specifically, the defendant was unsuccessfully discharged * * * for failure to follow the rules of the First Step Home. Upon the defendant being informed of her discharge, the defendant left the facility without permission and was considered Absent Without Leave (AWOL).

{¶ 11} On May 9, 2018, the trial court held a hearing on Baker's fourth community control violations. Although the record does not contain a transcript of this hearing, the record indicates Baker admitted to both violations. Specifically, as the trial court stated in its judgment entry, Baker admitted she had been unsuccessfully discharged from the required drug treatment program for violating the facility's rules by coming into possession of heroin when a drug dealer "who came to visit the defendant [at the drug treatment facility] slipped heroin in her pocket." The trial court further noted that Baker "did not use the heroin and flushed it down the toilet, but then after being discharged by the staff for allowing the drug dealer to come into the facility she did not report to the Probation Department as she should have."

{¶ 12} On May 23 and 24, 2018, the trial court held a bifurcated sentencing hearing on Baker's fourth community control violations. During this hearing, Baker informed the trial court that she believed prison was the best option for her because she had "heard good things about the programs that they have there in prison." The trial court advised Baker that it did not feel that imposing a prison sentence was appropriate, but that "ultimately you have the right to make choices, even if they're bad."

{¶ 13} Baker then moved the trial court to apply the 90-day prison term limitation found in R.C. 2929.15(B)(1)(c)(i). The trial court denied Baker's request. In so holding, the trial court initially stated:

> It's [R.C. 2929.15(B)(1)(c)(i) that] limits the Court to imposing a prison sentence on a felony of the fifth degree. At the time of the violation – if somebody screws up and they don't do well on community control or if they simply choose not to be on community control any longer, like Ms. Baker, it limits you to 90 days, which is not a very rationale statute.
>
> However, it does say that if the prison term is imposed for any technical violations of the conditions of a community control sanction imposed for a felony of the fifth degree, or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offenses and that is not a felony, the prison term shall not exceed 90 days.

{¶ 14} Continuing, the trial court stated:

> As was discuss[ed] during the statement of facts in this case, the community control violation involved Ms. Baker accepting heroin from a known drug dealer that the [staff at the drug treatment facility] says she allowed to come into the facility, who gave her the heroin and she then – she didn't use the heroin to her credit, but she was in possession of heroin and possession of heroin in the State of Ohio is a felony of the fifth degree no matter what quantity it is. It goes up from a felony of the fifth degree, depending on quantity, but an unspecified amount is a felony in the fifth degree.

{¶ 15} Concluding, the trial court stated:

> My finding is that it is not a technical violation and the violation

in this case did involve the commission of a felony offense and therefore I don't think the 90-day limitation applies and that's my finding.

If you're going to find that that is a technical violation, then there's no point – then you might as well just say you have to send somebody to prison for 90 days with credit for time served if – for anything because to me that's simply not a technical violation and I will so find. So the prison sentence will be imposed.

The trial court then revoked Baker's community control and sentenced her to 12 months in prison.

### Appeal

{¶ 16} Baker now appeals from the trial court's decision, raising a single assignment of error for review. In her single assignment of error, Baker challenges the trial court's decision finding the 90-day prison term limitation found in R.C. 2929.15(B)(1)(c)(i) did not apply.

### Standard of Review

{¶ 17} As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Ford*, 12th Dist. Clermont No. CA2018-07-052, 2019-Ohio-1196, ¶ 9; *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶

8.  This court may therefore "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record."  *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

**90-Day Prison Term Limitation and R.C. 2929.15(B)(1)(c)(i)**

{¶ 18} "The Ohio Revised Code provides the trial court with several options for punishing a community control violation."  *Ford*, 2019-Ohio-1196 at ¶ 10.  One of those options is set forth in R.C. 2929.15(B)(1)(c).  Pursuant to that statute, if the conditions of community control are violated, or if the offender violates a law, or if the offender leaves the state without the permission of the court or the offender's probation officer, the trial court may impose a prison term in accordance with R.C. 2929.14 and 2929.15(B)(3).

{¶ 19} However, as provided by R.C. 2929.15(B)(1)(c)(i), the imposition of a prison term may be subject to a 90-day limitation.  Specifically, as R.C. 2929.15(B)(1)(c)(i) provides:

> If the prison term is imposed for any technical violation of the conditions of a community control sanction imposed for a felony of the fifth degree or for any violation of law committed while under a community control sanction imposed for such a felony that consists of a new criminal offense and that is not a felony, the prison term shall not exceed ninety days.

Therefore, based on the language found in R.C. 2929.15(B)(1)(c)(i), this court has held the 90-day prison term limitation applies only when the community control violation is a "technical violation" or a non-felony violation of law.  *State v. Eckert*, 12th Dist. Clermont No. CA2018-06-038, 2019-Ohio-1289, ¶ 11.

{¶ 20} Baker argues the trial court erred by finding the 90-day prison term limitation did not apply since the notice of violation affidavit at issue did not allege she violated the conditions of her community control by committing a new felony offense.  This, as noted

above, was the basis upon which the trial court found the 90-day prison term limitation did not apply. Therefore, according to Baker, because the notice of violation affidavit did not allege that she violated the conditions of her community control by committing a new felony offense, it was error for the trial court to find the 90-day term limitation did not apply when it found "the violation in this case did involve the commission of a felony offense and therefore I don't think the 90-day limitation applies and that's my finding."

{¶ 21} However, while not specifically alleging Baker violated the conditions of her community control by committing a new felony offense, the notice of violation affidavit did allege that Baker violated the conditions of her community control by failing to participate and successfully complete a specified drug treatment program. This additional condition – something that went above and beyond the standard rules and conditions of community control – was directly imposed and specifically tailored to address and treat Baker's addiction to heroin. Therefore, because Baker's participation and successful completion of the specified drug treatment program was not merely an administrative requirement facilitating her community control supervision, Baker's failure to participate and successfully complete the required drug treatment program cannot be considered merely a "technical violation" that would trigger the 90-day prison term limitation under R.C. 2929.15(B)(1)(c)(i).

{¶ 22} This court addressed a similar argument in *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672. In that case, the trial court sentenced appellant to three years of community control after he violated the conditions of his intervention in lieu of conviction by testing positive for methamphetamine and later by having methamphetamine and drug paraphernalia in his car. *Id.* ¶ 3. The conditions of appellant's community control included the standard rules and conditions as well as several "special conditions." *Id.* One of those "special conditions" required appellant to complete drug and alcohol treatment at a community-based correctional facility – "a substantive rehabilitative

requirement which addressed a significant factor contributing to appellant's criminal conduct." *Id.* at ¶ 18. Appellant, however, failed to complete the required drug and alcohol treatment after voluntarily signing himself out of the facility. *Id.* at ¶ 4.

{¶ 23} In *Davis*, appellant admitted that voluntarily signing himself out of the facility was a violation of one of the "special conditions" imposed as part of his community control. Appellant nevertheless argued that his failure to complete the required drug and alcohol treatment was merely technical in nature. *Id.* at ¶ 16. We disagreed with appellant's position upon finding his failure to complete the required drug and alcohol treatment was not a "standard term of community control[.]" *Id.* at ¶ 17. This court instead found appellant's failure was a violation of a "special condition of community control directly imposed by the trial court and specifically tailored to address and treat appellant's substance abuse issues." *Id.* Therefore, as this court held in *Davis*, appellant's unsuccessful discharge from the community-based correctional facility predicated on unacceptable conduct of her own choosing, "cannot be considered a technical violation of community control." *Id.* at ¶ 18.

{¶ 24} This court's holding in *Davis* is analogous to the case at bar. Just like in *Davis*, the trial court in this case imposed an additional condition that required Baker to participate and successfully complete a specified drug treatment program to address and treat her addiction to heroin. As alleged in the fourth notice of violation affidavit filed with the trial court, Baker admitted that she failed to participate and successfully complete this additional condition by failing to follow the facilities rules by coming into possession of heroin and by leaving the facility without permission. This violation – just like the violation at issue in *Davis* – cannot be considered a mere "technical violation" of the conditions of community control. *Id.* at ¶ 18; *see also State v. Blake*, 4th Dist. Hocking No. 18CA6, 2018-Ohio-5413, ¶ 11 (failure to complete substance abuse treatment at community-based correctional facility

was a "special condition of community control" and not a technical violation); *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, ¶ 14-15 (failure to complete drug treatment at community-based correctional facility was a specifically tailored substantive rehabilitative requirement and not a technical violation).

{¶ 25} In so holding, we note that although not made part of the trial court's rationale, Baker argues the trial court would have erred if it had found the 90-day prison term limitation did not apply because she admitted to violating more than one of the conditions of her community control.  Specifically, Baker argues she should not be precluded from the 90-day prison limitation found in R.C. 2929.15(B)(1)(c)(i) "merely because she had two technical violations of her community control sanctions."  But, as discussed more fully above, Baker did not have "two technical violations" of the conditions of her community control.  Baker instead had one arguably "technical violation" by failing to follow her probation officer's instructions and one "non-technical violation" by failing to participate and successfully complete a specified drug treatment program, an additional condition that was imposed by the trial court to address her addiction to heroin.[1]

**Conclusion**

{¶ 26} The trial court did not err by sentencing Baker to 12 months in prison upon finding the 90-day prison term limitation found in R.C. 2929.15(B)(1)(c)(i) did not apply.  This is because, as noted above, Baker admitted to committing a non-technical violation of the conditions of her community control by failing to participate and successfully complete a specified drug treatment program to address her addiction to heroin.  In reaching this

---

1. According to the trial court's entry, Baker admitted that she violated the condition of her community control that required her to follow her probation officer's instructions by "continually absconding from that supervision[.]"  Although the question of whether that violation could be considered merely technical is not subject to review as part of this appeal, we note that the Sixth District Court of Appeals has determined that an appellant absconding from reporting to his probation officer "was not a 'technical violation' pursuant to R.C. 2929.15(B)(1)(c)(i)."  *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228, ¶ 33.

decision, we note that while the trial court found the 90-day prison term limitation did not apply because she committed a new felony offense, "[i]t is well-established that an appellate court will not reverse a judgment that is based on erroneous reasoning if that judgment is otherwise correct, that is, it achieves the right result for the wrong reason." *State v. Adams*, 12th Dist. Butler No. CA2010-12-321, 2011-Ohio-1721, ¶ 22.  Therefore, finding no merit to any of the arguments raised herein, Baker's single assignment of error lacks merit and is overruled.

{¶ 27}  Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.