[Cite as *State v. Black*, 2020-Ohio-2983.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NOS. CA2019-06-044 |
| | | CA2019-06-045 |
| | : | CA2019-06-046 |
| - vs - | | |
| | : | O P I N I O N |
| | | 5/18/2020 |
| SHAWN C. BLACK, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case Nos. 2018-CR-00853, 2018-CR-001039, and 2018-CR-000062


D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for appellant


**RINGLAND, J.**

{¶1} Appellant, Shawn Black, appeals the sentence imposed by the Clermont County Court of Common Pleas following the revocation of his community control. For the reasons detailed below, we affirm.

{¶2} This appeal concerns three separate cases before the trial court. The sentencing hearing for all three cases occurred on March 28, 2019.

{¶3} In Case No. 2018 CR 0853, Black pled guilty to grand theft of a motor vehicle and theft of a credit card. The trial court sentenced Black to four years of community control. The trial court advised Black that should he violate the terms of community control, he would receive concurrent prison terms of 15 months and 9 months, respectively.

{¶4} In Case No. 2018 CR 1039, Black pled guilty to obstructing official business. The trial court sentenced him to four years of community control and advised him that a violation would result in an additional 9-month prison term consecutive to Case No. 2018 CR 0853.

{¶5} In Case No. 2019 CR 0062, Black pled guilty to receiving stolen property. The trial court sentenced Black to four years of community control and advised him that a violation would result in an additional 9-month prison term consecutive to the terms imposed in Case Nos. 2018 CR 0853 and 2018 CR 11039.

{¶6} As part of the specific conditions for all three cases, Black was ordered to successfully complete the program at Adams Recovery Center ("ARC") and obey all rules and regulations of the facility to be considered a resident in good standing.

{¶7} On April 23, 2019, the Clermont County Probation Department filed an affidavit for community control violation stating that Black had been involuntarily discharged from ARC after he threatened violence against other clients in the program.

{¶8} The trial court held a hearing on the community control violations. During the hearing, the state presented evidence from ARC employees that Black had been in an argument with another client and had threatened him with physical violence and was therefore dismissed from the program. Black testified on his own behalf and admitted to making the threat but downplayed the severity of the incident. At the conclusion of the hearing, the trial court found Black had violated the terms of his community control for failing

to complete the ARC program. As a result, the trial court sentenced Black to prison terms of 15 months in Case No. 2018 CR 0853, 9 months in Case No. 2018 CR 11039, and 9 months in Case No. 2019 CR 0062 for a total aggregate sentence of 33 months. Black now appeals, raising one assignment of error for review:

{¶9} THE TRIAL COURT ERRED IN FINDING THAT AN INVOLUNTARY DISCHARGE FROM A DRUG TREATMENT PROGRAM IS NOT A TECHNICAL VIOLATION UNDER R.C. 2929.15(B)(1)(c)(i)

{¶10} In his sole assignment of error, Black argues the trial court erred by finding the violation of the conditions of his community control was a nontechnical violation, thereby removing it from the 90-day prison term limitation found in R.C. 2929.15(B)(1)(c)(i). We disagree.

{¶11} As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 8. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 17. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶12} R.C. 2929.15(B)(1)(c) permits a trial court to impose a prison term if a defendant violates the conditions of a community control sanction. However, a prison term

for the violation of a community control sanction imposed for a fifth-degree felony may not exceed 90 days if the violation was either a "technical violation" or any "violation of law * * * that consists of a new criminal offense and that is not a felony[.]" R.C. 2929.15(B)(1)(c)(i). The trial court found that appellant was not entitled to the 90-day limitation in R.C. 2929.15(B)(1)(c)(i) because his unsuccessful discharge from the ARC treatment program was not a technical violation.

{¶13} This court has held that a defendant's voluntary or involuntary discharge from a community-based correctional facility is not a technical violation under R.C. 2929.15(B)(1)(c) because the community control condition mandating the defendant to complete a substance abuse treatment was not merely an administrative requirement facilitating community control supervision. *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 18; *Baker*, 2019-Ohio-2280 at ¶ 24; *Starr*, 2019-Ohio-2081 at ¶ 24. Rather, the community control condition was directly imposed by the trial court and was specifically tailored to address and treat the defendant's substance abuse issues. *Davis* at ¶ 17. Thus, the condition was a substantive rehabilitative requirement which addressed a significant factor contributing to the defendant's criminal conduct. *Id.* at ¶ 18.

{¶14} In the present case, Black was ordered to complete treatment at ARC as a specific condition of his community control. The record reveals that when Black reported to ARC for treatment he was provided with a copy of ARC's rules and regulations, which included prohibitions against threatening physical violence. However, soon thereafter, Black was reported for threatening physical violence against another ARC client. Consistent with this court's holdings in *Davis*, *Starr*, and *Baker*, Black's discharge from the ARC treatment program and thus his failure to complete treatment was not a technical violation under R.C. 2929.15(B)(1)(c)(i). *Davis* at ¶ 17-18; *Starr* at ¶ 24; *Baker* at ¶ 24.

{¶15}     In light of the foregoing, we find that the trial court did not err in finding that Black's violation was not a technical violation, and thus, that the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) was inapplicable.   Furthermore, the prison terms imposed are within the statutorily permitted range for Black's original offenses and the trial court's sentencing decision is not contrary to law.

{¶16}     Judgment affirmed.


M. POWELL, P.J., and S. POWELL, J., concur.