[Cite as *State v. Williams*, 2020-Ohio-5228.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-01-009 |
| | : | O P I N I O N |
| - vs - | | 11/9/2020 |
| | : | |
| KAYMAN MICHAEL ANTHONY WILLIAMS, | : | |
| | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-10-1792


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Michele Temmel, 6 S. Second Street, #305, Hamilton, Ohio 45011, for appellant


**RINGLAND, J.**

{¶1}   Appellant, Kayman Williams, appeals the decision of the Butler County Court of Common Pleas revoking his community control and sentencing him to 12 months in prison. For the reasons detailed below, we affirm.

{¶2}   On December 13, 2011, appellant pled guilty to three counts of breaking and entering.  The trial court sentenced appellant to five years of community control with both

general and specific conditions of supervision.

{¶3} In total, appellant's probation officer filed three separate notices of violations. On April 3, 2015, the probation officer alleged that appellant had violated Rule 5 because he failed to meet with his probation officer for nearly a year since March 28, 2014. Following a hearing, the trial court found that appellant had violated the terms of his community control but opted to continue him on community control after serving 14 days in the Butler County Jail.

{¶4} On December 16, 2016, the probation officer alleged that appellant had violated Rule 5 because he failed to meet with his probation officer as ordered and also that he had not contacted the probation department since August 19, 2016.

{¶5} Over three years later, on January 3, 2020, the probation officer filed a third report and notice of violation, again alleging that appellant had violated Rule 5 for failing to report to his probation officer since August 19, 2016. The probation officer also alleged that appellant had violated Rule 12 of the conditions of supervision for being behind in financial obligations. Finally, the probation officer alleged that appellant had violated Rule 15 for failing to successfully complete drug and alcohol treatment.

{¶6} The trial court held a community control violation hearing on January 13, 2020. At the hearing, appellant admitted to the violations. Appellant's trial counsel stated that appellant had a "very low expectation for not reporting to his PO." Appellant, himself, later told the trial court that he had "made a very unhealthy decision not to show up."

{¶7} The trial court found that the failure to report to his probation officer was not a technical violation, noting:

> So I kind of have to take that for what it's worth and trust in whatever. But I also have to consider the fact that we have not seen him since August of 2016. Which, typically, if someone fails to report for the course of a month or a couple of months, whatever, we would tend to treat that as a technical violation.

Absconding and being on the run for three and a half years, I am specifically going to find is not a technical violation.

So [defense counsel], hopefully if you decide you would like to ask the court his opinion about that, feel free but that's my determination of it. As to Counts I, II, and III, felony 5 B and E, I am revoking [the] community control sanction. I am going to impose 12 months on each count, but I'm going to run those concurrent. So the 12 months Department of Rehabilitation and Corrections total, 107 days credit as of today's date.

{¶8} Thereafter, the trial court journalized its final judgment entry revoking community control and imposing the 12-month prison sentence. Appellant now appeals, raising two assignments of error for review.

{¶9} Assignment of Error No. 1:

{¶10} THE TRIAL COURT'S SENTENCE IS CONTRARY TO LAW BECAUSE IT IMPOSED A PRISON TERM IN EXCESS OF THE 90-DAY STATUTORY MAXIMUM FOR A TECHNICAL VIOLATION OF COMMUNITY CONTROL.

{¶11} In his first assignment of error, appellant argues the trial court erred by finding the violation of the conditions of his community control was a nontechnical violation, thereby removing it from the 90-day prison term limitation found in R.C. 2929.15(B)(1)(c)(i). We disagree.

{¶12} As with all felony sentences, we review the trial court's sentencing decision for a community control violation under the standard set forth by R.C. 2953.08(G)(2). *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 8. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 17. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of

R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶13} R.C. 2929.15(B)(1)(c) allows a trial court to impose a prison term if a defendant violates the conditions of a community control sanction. However, a prison term for the violation of a community control sanction imposed for a fifth-degree felony may not exceed 90 days if the violation was either a "technical violation: or any "violation of law * * * that consists of a new criminal offense and that is not a felony[.]" R.C. 2929.15(B)(1)(c)(i).

{¶14} The supreme court recently addressed the distinction between technical and nontechnical violations of community control. *State v. Nelson*, Slip Opinion No. 2020-Ohio-3690. The court held that a nontechnical violation is a violation concerning "a condition of community control that was 'specifically tailored to address' matters related to the defendant's misconduct or if it can be deemed a 'substantive rehabilitative requirement which addressed a significant factor contributing to' the defendant's misconduct." *Id.* at ¶ 26, quoting *State v. Davis*, 12th Dist. Warren No. CA2017-11-156, 2018-Ohio-2672, ¶ 17, 18. On the other hand, a violation of community control is considered a technical violation "when the condition violated is akin to 'an administrative requirement facilitating community control supervision.'" *Id.*, quoting *Davis* at ¶ 18.

{¶15} As noted above, the trial court found that appellant was not entitled to the 90-day limitation in R.C. 2929.15(B)(1)(c)(i) because he failed to report to his probation officer for more than three and one-half years. Appellant asserts that his failure to report to his probation officer was a "technical violation" of his community control and therefore the maximum prison term that could be imposed for the violation was 90 days.

{¶16} Following review, we find appellant's failure to report to his probation officer in this case was not a technical violation. The supreme court's decision in *Nelson* cited with

- 4 -

approval this court's decision in *Davis*. In *Davis*, the defendant voluntarily signed himself out of a community based correctional facility ("CBCF") for which he had been sentenced as part of his community control. *Id.* at ¶ 5. This court found the defendant's violation was nontechnical in nature because completing the CBCF treatment program was a special condition and substantive rehabilitative requirement addressing a significant factor contributing to his criminal conduct. *Id.* at ¶ 18.

{¶17} Likewise, in *State v. Mannah*, 5th Dist. Fairfield No. 17-CA-54, 2018-Ohio-4219, also cited with approval in *Nelson*, the defendant voluntarily signed herself out of her required CBCF treatment program. *Id.* at ¶ 15. The Fifth District also appropriately noted that, although the defendant's actions in voluntarily leaving the treatment program were not criminal, the violation was nontechnical in nature and therefore the limitation in R.C.2929.15(B)(1)(c)(i) does not apply. *Id.*

{¶18} More factually similar to this case is a decision from the Eighth District in *State v. Neville*, 8th Dist. Cuyahoga No. 106885, 2019-Ohio-151. In *Neville*, the defendant was sentenced to community control with special conditions. *Id.* at ¶ 6. As in *Davis* and *Mannah*, although the defendant did not commit a new criminal offense, she failed to report to her probation officer from the time of her sentencing until she was arrested on a warrant over three months later. *Id.* at ¶ 44. In other words, the defendant failed to report at all and therefore failed to meet any of the conditions of her community control sanctions. *Id.* The court noted, however, that the result may have been different had the defendant failed to report once after having previously been in compliance with her reporting requirements. *Id.* at ¶ 48.

{¶19} The First District reached a similar result in *State v. Martinez*, 1st Dist. Hamilton No. C-180580, 2019-Ohio-3350. In *Martinez*, the defendant failed to notify the probation department of his new address, failed to report to the probation department on

two separate occasions, picked up four new misdemeanor convictions, and failed to appear for court for one of those. *Id.* at ¶ 3. The court concluded that trial court did not err by finding that the defendant had not committed a "technical violation" and noted:

> The overall pattern that [the defendant] established was that he was unwilling to cooperate with the requirements placed upon him by others in authority—not by police officers, not by probation officers, and not by courts. In summing up the matter, the trial court told him that "you're just, basically, ignoring the whole process." Even without the guidance of this court in [*State v. Kernall*, 1st Dist. Hamilton No. C-180613, 2019-Ohio-3070], the trial court, in essence, concluded that "the cumulative effect of the violations amount[ed] to a pattern of conduct that demonstrate[d] a failure to comply with the community-control sanction as a whole." And the record amply supports this conclusion.

*Id.* at ¶ 11. *See also State v. Kernall*, 1st Dist. Hamilton No. C-180613, 2019-Ohio-3070; *State v. Calhoun*, 6th Dist. Wood No. WD-17-067, 2019-Ohio-228.

{¶20} In line with the cases cited above, we agree with the trial court that appellant's refusal to meet with his probation officer for a period of more than three and one-half years does not constitute a "technical violation" under R.C. 2929.15(B)(1)(c)(i). Appellant's decision to avoid his probation officer for years was a voluntary refusal to comply with the conditions of community control. As a result, appellant's Rule 5 violation for failing to report to his probation officer for more than three and one-half years was not a "technical violation" under R.C. 2929.15(B)(1)(c)(i)

{¶21} In light of the foregoing, we find that the trial court did not err in finding that appellant's violation was not a technical violation, and thus, that the 90-day prison term limitation of R.C. 2929.15(B)(1)(c)(i) was inapplicable. Furthermore, though the trial court did not expressly state as much, we also note that appellant also violated the terms of his community control under Rule 15 for failing to successfully complete drug and alcohol treatment, which is also not a technical violation, as it was "a special condition and

substantive rehabilitative requirement addressing a significant factor contributing to his criminal conduct." *State v. Davis*, 2018-Ohio-2672 at ¶ 18. *See also State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 24; *Starr*, 2019-Ohio-2081 at ¶ 24; *State v. Black*, 12th Dist. Clermont Nos. CA2019-06-044, CA2019-06-045, and CA2019-06-046, 2020-Ohio-2983, ¶ 13. As a result, we find appellant's first assignment of error is without merit and is hereby overruled.

{¶22} Assignment of Error No. 2:

{¶23} INEFFECTIVE ASSISTANCE OF COUNSEL.

{¶24} In his second assignment of error, appellant argues that his trial counsel was ineffective because he failed to argue that his Rule 5 violation for failing to report to his probation officer was a "technical violation." Appellant's argument is without merit.

{¶25} To establish a claim of ineffective assistance of counsel, the appellant must show that counsel's actions were outside the wide range of professionally competent assistance and that he was prejudiced as a result of counsel's actions. *State v. Patrick*, 12th Dist. Butler No. CA2015-05-090, 2016-Ohio-995, ¶ 13, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). Trial counsel's performance will not be deemed deficient unless it "fell below an objective standard of reasonableness." *Strickland* at 688. To show prejudice, the appellant must prove there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 698. An appellant's failure to satisfy one prong of the Strickland test negates a court's need to consider the other. *State v. Vunda*, 12th Dist. Butler Nos. CA2012-07-130 and CA2013-07-113, 2014-Ohio-3449, ¶ 54.

{¶26} As noted above, appellant did not, in fact, commit a "technical violation" of R.C. 2929.15(B)(1)(c)(i). As a result, appellant cannot meet the first prong of the *Strickland* test of deficient performance. Therefore, appellant's ineffective assistance of counsel claim

must fail.  Appellant's second assignment of error is overruled.

{¶27}  Judgment affirmed.

M. POWELL, P.J., and PIPER, J., concur.