[Cite as *State v. Sowell*, 2021-Ohio-889.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                  :

    Appellee,                                :                 CASE NO. CA2020-02-020

    - vs -                                   :                 O P I N I O N
                                             :                 3/22/2021

                                             :

BRIAN DARNELL SOWELL,                           :

    Appellant.                               :

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2019-07-1068

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael Greer, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Engel & Martin, LLC, Joshua A. Engel, 4660 Duke Drive, Suite 101, Mason, Ohio 45040

**PIPER, P.J.**

{¶1}    Appellant, Brian Sowell, appeals his sentence in the Butler County Court of Common Pleas after pleading guilty to trafficking in a fentanyl-related compound.

{¶2}    While on community control for an aggravated assault conviction, Sowell was indicted on seven drug and weapons charges, some of which contained firearm specifications. Some of the charges also alleged that Sowell's drug activity occurred within

the presence of a juvenile. Sowell ultimately pled guilty to one amended count of trafficking in a fentanyl-related compound, and the other counts and specifications were dismissed.

{¶3} Sowell waived a presentence investigation, and the trial court sentenced him to eight to 12 years in prison. Sowell's community control was also revoked, and he was sentenced to 17 months. The trial court ordered the 17-month sentence to be served concurrently with the sentence imposed in the drug trafficking case. Sowell now appeals his sentence, raising the following assignment of error:

{¶4} THE TRIAL COURT ERRED IN IMPOSING A SENTENCE BASED ON INFORMATION OUTSIDE THE RECORD WITHOUT PROVIDING APPELLANT AN OPPORTUNITY TO RESPOND.

{¶5} Sowell argues in his single assignment of error that the trial court erred in imposing his sentence.

{¶6} We review the trial court's felony sentencing decision pursuant to the standard set forth by R.C. 2953.08(G)(2). *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 8. Pursuant to that statute, this court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Baker*, 12th Dist. Clermont No. CA2018-06-042, 2019-Ohio-2280, ¶ 17.

{¶7} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Williams*, 12th Dist. Butler No. CA2020-01-009, 2020-Ohio-5228, ¶ 12.

{¶8} The record is undisputed that the trial court properly considered the statutory

sentencing requirements of R.C. 2929.11 and 2929.12, imposed postrelease control, and sentenced Sowell within the statutory range for a second-degree felony. Thus, Sowell's sentence is not contrary to law.

{¶9} Nevertheless, Sowell argues that the trial court erred during the sentencing hearing, which renders his sentence contrary to law. First, Sowell argues that the trial court improperly considered his past criminal record and information about the charges that were dismissed as a part of the plea negotiations. However, the trial court is statutorily required to consider relevant information when sentencing a defendant. R.C. 2929.19(B)(1).

{¶10} This information included Sowell's criminal history, with which the trial court was familiar, as it had presided over Sowell's aggravated assault case for which he was sentenced to community control. During the current sentencing hearing, Sowell spoke of his past mistakes and criminal history during allocution, and he waived a presentence investigation. At no time did Sowell object to any discussion of his criminal history, a history which was discussed by all parties and well known to the trial court.

{¶11} The court also considered that police located fentanyl and a weapon in the home while the only person present was Sowell's juvenile daughter. While the weapons charges and specifications were dismissed and the juvenile-related charge was amended, the facts and circumstances of those charges were properly considered by the trial court before sentencing. The facts were relevant to Sowell's plea and to his sentencing, and at no time did Sowell object to the state's recitation of facts at either the plea hearing or at sentencing. The facts regarding Sowell's crimes went undisputed during the hearing, and were properly considered by the trial court.

{¶12} Sowell also argues that he was not given an opportunity to respond to the state's allegations. However, the record indicates otherwise. Sowell was given allocution rights, during which he addressed his own history and asked the trial court for mercy based

upon recent changes in his life and the need to care for his children. At no time did Sowell allege that the trial court was in danger of considering inaccurate information or that Sowell was being denied the ability to respond to information that was clearly a part of the record and had been discussed throughout the hearing.

{¶13} After reviewing the record, we find that the trial court's sentence was not contrary to law and that the trial court did not err in imposing the sentence. Sowell's single assignment of error is overruled.

{¶14} Judgment affirmed.

S. POWELL and HENDRICKSON, JJ., concur.