**[Cite as *State v. Dinka*, 2022-Ohio-1365.]**

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | CASE NO. CA2021-04-036 |
| Appellee, | : | O P I N I O N<br>4/25/2022 |
| | : | |
| - vs - | : | |
| | : | |
| JOHN DINKA, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 20CR37249


David P. Fornshell, Warren County Prosecuting Attorney, and Kirsten A. Brandt, Assistant Prosecuting Attorney, for appellee.

Craig A. Newburger, for appellant.


**M. POWELL, P.J.**

{¶ 1}   Appellant, John Dinka, appeals his sentence in the Warren County Court of Common Pleas for domestic violence.

{¶ 2}   Appellant was convicted of third-degree felony domestic violence in March 2021.  During the April 1, 2021 sentencing hearing, the trial court advised appellant, "Your sentence is 24 months.  Place you on community control.  Require you to complete a

community based correctional facility program at CCC. Upon release, you'll be on a monitor for 60 days." The trial court further advised appellant that "if there's a protection order in place, you can't violate it or you're going to be violated here and you're going to serve 24 months." On April 2, 2021, the trial court issued its sentencing entry which provided that appellant was "sentenced to three (3) years of community control on basic probation," and that "[v]iolation of this sentence may lead to a longer or more restrictive sanction, or the Court may impose a prison term of up to 24 months."

{¶ 3} Appellant appeals his sentence, raising one assignment of error:

{¶ 4} THE TRIAL COURT ERRED BY SENTENCING APPELLANT TO TWENTY-FOUR MONTHS OF COMMUNITY CONTROL ON THE RECORD, AND, SENTENCING APPELLANT TO THREE YEARS OF COMMUNITY CONTROL IN THE SENTENCING ENTRY.

{¶ 5} Appellant argues that the trial court issued a sentencing entry that did not accurately reflect the sentence imposed at the sentencing hearing because the trial court sentenced appellant to 24 months of community control at the sentencing hearing but imposed three years of community control in the sentencing entry. The state argues there is no variance or discrepancy between the sentence the trial court announced at the sentencing hearing and the sentence imposed by the sentencing entry because "it is evident that the court's reference to 24 months [at sentencing] related to the prison term that the court reserved as a possible sanction if [appellant] violated the conditions of his community control."

{¶ 6} It is well settled that a court speaks only through its journal entries and not by oral pronouncement. *State v. Starr*, 12th Dist. Clermont Nos. CA2018-09-065 and CA2018-09-066, 2019-Ohio-2081, ¶ 12. Notwithstanding this general rule, Crim.R. 43(A) provides that "the defendant must be physically present at every stage of the criminal proceeding

and trial, including * * * the imposition of sentence[.]" "Because a defendant is required to be present when sentence is imposed, it constitutes reversible error for the trial court to impose a different sentence in its judgment entry than was announced at the sentencing hearing in defendant's presence." *State v. Robinson*, 6th Dist. Lucas No. L-10-1369, 2012-Ohio-6068, ¶ 79. Thus, "if there exists a variance between the sentence pronounced in open court and the sentence imposed by a court's judgment entry, a remand for resentencing is required." *Id.* Judgment entries imposing different sentences than were pronounced in open court have been held invalid, even when they did not change or increase the period of actual incarceration, or when it resulted in a downward modification of the sentence. *Id.* at ¶ 82.

{¶ 7} Whether the trial court's reference to 24 months at the sentencing hearing applied to the term of community control or the prison term reserved as a sanction for violation of community control is ambiguous at best. What the record clearly shows, however, is that the trial court's sentencing entry imposes a term of community control (i.e., three years) that was not imposed during the sentencing hearing. Thus, the sentence imposed in the sentencing entry is not the same sentence imposed at the sentencing hearing.

{¶ 8} A defendant is entitled to know his sentence at the sentencing hearing. *State v. Santiago*, 8th Dist. Cuyahoga No. 101640, 2015-Ohio-1824, ¶ 19, citing Crim.R. 43. A trial court errs when it issues a judgment entry imposing a sentence that differs from the sentence pronounced in the defendant's presence. *Id.* at ¶ 18. The discrepancy between the term of community control imposed at the sentencing hearing and by the subsequent sentencing entry requires a new sentencing hearing. *State v. Szafranski*, 8th Dist. Cuyahoga No. 107905, 2019-Ohio-4349, ¶ 76 (vacating the sentence and remanding for resentencing where the trial court placed the defendant on community control at the

sentencing hearing without stating the term of community control and where the sentencing entry sentenced the defendant to five years of community control); *Robinson*, 2012-Ohio-6068 at ¶ 85; *State v. Smith*, 10th Dist. Franklin No. 17AP-573, 2018-Ohio-3875, ¶ 7-8.

{¶ 9} Appellant's assignment of error is well-taken and sustained.

{¶ 10} The judgment of the trial court is reversed as to appellant's sentence and the cause is remanded to the trial court for resentencing.

S. POWELL and BYRNE, JJ., concur.